UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KAYLA MARIE COLE and )
TERESA L. GORDON, )
)
      Plaintiffs, )
)
      v. )    No. 1:17-cv-00071-JAW
)
STATE OF MAINE, OFFICE OF )
INFORMATION TECHNOLOGY, )
)
      Defendant. )

## ORDER ON MOTION TO SEAL

Raising issues of the right of public access to judicial records, the Court defers ruling on a motion to seal portions of a pending motion for summary judgment and declaration in support of the motion for summary judgment to give the movant an opportunity to reassess its position and file a supplementary memorandum.

## I.    BACKGROUND

On February 23, 2017, Kayla Marie Cole and Teresa L. Gordon filed suit in this Court against the State of Maine Office of Information Technology (OIT), alleging that the OIT, their former employer, violated the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq,* (Title VII), the Maine Human Rights Act, 5 M.R.S. §§ 4551 *et seq.* (MHRA), and the Maine Whistleblowers' Protection Act, 26 M.R.S. §§ 831, *et seq.* (WPA). *Compl.* (ECF No. 1). On May 19, 2017, OIT answered the Complaint, denying its essential allegations and raising certain affirmative defenses. *Answer to Compl.* (ECF No. 5). On August 11, 2017, OIT filed an amended answer. *Am. Answer to Compl.* (ECF No. 11). On September 13, 2017, OIT filed a motion for court approval

of a confidentiality agreement, and on the same day, the Court granted the motion. *Consent Mot. for Confidentiality Order* (ECF No. 12); *Consent Confidentiality Order* (ECF No. 13).

On October 13, 2017, OIT filed a notice of intent to file a motion for summary judgment. *Def.'s Notice of Intent to Move for Summ. J.* (ECF No. 15). The Court held a Local Rule 56(h) conference on November 8, 2017. *Min. Entry* (ECF No. 19). On December 15, 2017, OIT moved for an order placing portions of the deposition of James Smith under seal. *Def.'s Mot. to Seal* (ECF No. 22). On December 17, 2017, the Magistrate Judge granted the motion to seal. *Order Granting Mot. to Seal* (ECF No. 25).

On December 21, 2017, OIT moved to seal portions of its motion for summary judgment on the ground that the redacted portions of its filings "contain personnel information about a third party to this matter." *Def.'s Mot. to Seal* (ECF No. 26) (*Def.'s Mot.*). OIT states that the "redacted information is not contained in or related to a 'final written decision,' and therefore, is not public information." *Id.* at 2. OIT filed public versions of the documents. *Id.*; (ECF Nos. 27-28).

## II.    OIT's POSITION

OIT presents two reasons for sealing the filed documents: (1) the documents are confidential because the parties must comply with the confidentiality agreement and (2) the sealed information is deemed confidential under 5 M.R.S. § 7070, Maine's Personnel Records statute. *Id.* at 1-3.

## III.   DISCUSSION

### A.   The Consent Confidentiality Agreement and Order

The Court rejects the first basis for the motion to seal, namely the argument that the confidentiality agreement and order require that confidential matters be sealed. In *United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013), the First Circuit distinguished between the public right of access to discovery materials and the public right of access to materials submitted by parties to obtain a judicial ruling. *Id.* at 53-59. The *Kravetz* Court confirmed that "with respect to civil discovery . . ., there is no right of public access." *Id.* at 55. Thus, the public "has no common law or constitutional right of access to materials that are gained through civil discovery but neither introduced as evidence at trial nor submitted to the court as documentation in support of motions or trial papers." *Id.*

Consistent with *Kravetz*, during discovery, the parties were free to enter into confidentiality agreements, in this case approved by the Court, to control dissemination of the produced information without impinging on the public right of access. But the confidentiality agreement for discovery purposes cannot control the public's right of access to materials "introduced as evidence at trial [or] submitted to the court as documentation in support of motions or trial papers." *Id.* Moreover, the confidentiality agreement itself provides that "[n]othing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial." *Consent Confidentiality Order* at 6 (ECF No. 13).

In short, under its own terms and under First Circuit precedent, the confidentiality agreement entered into by the parties and affirmed by the Court has nothing to do with whether the contents of a document submitted by the parties to influence judicial decision-making is protected from disclosure to the public.

## B. Maine's Civil Service Law

As *Kravetz* explained, once a party submits information to a court and urges consideration of the information for purposes of making a judicial ruling, the public right of access presumptively applies to that information because the information is deemed "judicial records" or "materials on which a court relies in determining the litigants' substantive rights." *Kravetz*, 706 F.3d at 54. Thus, in *Kravetz*, the presumptive public right of access attached to sentencing memoranda and character letters that the parties submitted to a judge for sentencing purposes. *Id.* at 54-59.

At the same time, the First Circuit observed "[t]hough the public's right of access is vibrant, it is not unfettered." *Id.* at 59.

> When addressing a request to unseal, a court must carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case, keeping in mind that "'only the most compelling reasons can justify non-disclosure of judicial records' that come within the scope of the common law right of access."

*Id.* at 59 (quoting *In re Providence Journal Co.*, 293 F.3d 1, 10 (1st Cir. 2002) (quoting *FTC v. Standard Fin. Mgmt.* 830 F.3d 404, 410 (1st Cir. 1987)). To seal portions of a judicial document, the First Circuit requires a "detailed explanation" and it emphasizes that "sealing of judicial documents 'must be based on a particular factual demonstration of potential harm, not on conclusory statements.'" *Id.* at 60 (quoting

*Standard Fin. Mgmt.*, 830 F.3d at 412 (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986))).

OIT offers an alternative basis for sealing portions of the submitted material: 5 M.R.S. § 7070, the Maine Civil Service Law. OIT says that the sealed information involves "documents contain[ing] confidential personnel information about a third party to this matter." *Def.'s Mot.* at 2. The *Kravetz* Court addressed the privacy rights of third parties. *Id.* at 61-63. The First Circuit observed that "[P]rivacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Id.* at 61 (quoting *Standard Financial Mgmt.*, 830 F.2d at 411) (modification in original). The *Kravetz* Court wrote that a court may consider the privacy rights of a third party, which have been referred to as "a venerable common law exception to the presumption of access," *id.* at 62 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2nd Cir. 1995)), and weigh the third party's interests "in a court's balancing equation." *Id.* (quoting *Amodeo*, 71 F.3d at 1050). In making this evaluation, the First Circuit stated that courts should "consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* (quoting *United States v. Connolly (In re Boston Herald)*, 321 F.3d 174, 190 (1st Cir. 2003)). Thus, "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id.* at 62 (quoting *Amodeo*, 71 F.3d at 1051).

Based on *Kravetz* alone, the Court would not seal the information that OIG has redacted. One of OIT's arguments in its motion for summary judgment is that the Plaintiffs are unable to present a genuine issue of material fact as to whether they were disciplined differently than similarly situated male employees. *Def.'s Mot.* Attach 1 *Def.'s Mot. for Summ. J.* at 6; *Redacted Def.'s Mot. for Summ. J.* at 6 (ECF No. 27). OIT asserts that "Plaintiffs cannot point to any male employee of OIT who engaged in the same conduct for which Plaintiffs were investigated and disciplined who was treated more favorably." *Id.* at 7. OIT then points out that a male employee had left state employment by the time of the investigation and was therefore not subject to investigation and discipline. *Id.* OIT seeks to redact the employment information about the male employee. *Id.* From the Court's perspective, the dates of a public employee's employment would not implicate third party privacy rights under *Kravetz.*

The Maine Supreme Judicial Court illuminated the scope of the privacy protections of the Maine Civil Service Law. *Guy Gannett Pub. Co. v. Uni. of Me.*, 555 A.2d 470 (Me. 1980). As background, the Maine Supreme Judicial Court observed that Maine's Freedom of Access Act, 1 M.R.S. § 408, is to be "liberally construed and applied" and "a corollary to such liberal construction of the Act is necessarily a strict construction of any exceptions to the required public disclosure." *Id.* at 471 (quoting *Moffett v. City of Portland*, 400 A.2d 340, 348 (Me. 1979)). In *Guy Gannett*, the Maine Law Court drew a distinction between medical information, covered by 5 M.R.S. § 7070(2)(A), and other personnel records, covered by 5 M.R.S. § 7070(2)(E). *Id.* at 471-

72. The "statutory exception protecting medical information 'of any kind' is broadly drawn;" by contrast, as regards other information, the statute is "narrowly drawn" and "does not protect all information pertaining to misconduct." *Id.*

Applying *Guy Gannett*, the Court is not convinced that the protections of the Maine Civil Service Law are implicated in the redacted material. OIT's memorandum in support of its motion for summary judgment and its submitted declaration of James Smith, the Chief Information Officer (CIO) for OIT, refer to the male employee by initials only, note that by the time OIT investigated the Plaintiffs, the male employee was no longer employed by OIT, and assert that CIO Smith emailed Human Services to claim that if the male employee had still been employed at OIT when OIT investigated the Plaintiffs, OIT would have investigated him too. *Def.'s Mot.* Attach. 1 *Def.'s Mot. for Summ. J.* at 7; *id.* Attach. 3 *Decl. of James Smith* at 1.

The Maine Civil Service Law does not list the dates of a public employee's employment with the state as among the protected "personal information" so the Court is not clear why the fact that an employee left state employment by a certain date is confidential. *See* 5 M.R.S. § 7070(2)(A-E). Furthermore, under section 7070(E), it is only "accusations of misconduct . . . that may result in disciplinary action" that are protected from disclosure. OIT has not demonstrated that CIO Smith's email to Human Resources about the male employee would have resulted in disciplinary action against the male employee, who by that time was no longer employed by OIT.

Finally the Court is troubled by the public policy implications of the sealing of this material. Here, the Plaintiffs are asserting that the OIT disciplined them because they complained that Joshua Karstens, a male supervisor, sexually harassed one of them and that when they complained, OIT retaliated against them by disciplining them because of their complaints. *Compl.* at 1-10. OIT has responded that it would have disciplined a male employee in the same fashion for the same conduct, but that the male employee had left state service and could not be disciplined.

These issues are manifestly a matter of public concern and making public the information underlying both the charge and the defense would promote "public monitoring of the judicial system", which in turn "fosters the important values of quality, honesty and respect for our legal system." *Kravetz*, 706 F.3d at 52 (quoting *In re Providence Journal*, 293 F.3d at 9). In addition, just as OIT's actions or inaction against the male employee are at issue in the motion for summary judgment, OIT's position would presumably be a part of its defense if the case were to go to trial and the Court cannot conceive of closing the courtroom during a public trial to allow the parties to present evidence about the male employee. If this information would be made public at trial, the Court is not clear why it should be sealed during a paper trial, namely the resolution of the dispositive motion OIT has filed.

The Court adds this caveat. As the Plaintiffs' allegations against the male employee's purported misconduct implicate his privacy rights as a third party to the litigation, the Court envisions the least restrictive means of protecting his privacy

and is open to alternative means to protect his privacy, either by referring to him by his initials or by John Doe. However, based on *Kravetz*, the Court is troubled by the wholesale sealing of all information underlying the Plaintiffs' allegations and OIT's defense.

As OIT's motion to seal was perfunctory, the Court will allow OIT an opportunity to respond to this Order and supplement its motion to seal. The Court ORDERS OIT to state its position on its motion to seal by January 18, 2018 in light of the concerns the Court has raised in this Order. If it elects to object to the Court's Order, OIT should file a supplementary memorandum explaining its position no later than January 18, 2018. Plaintiffs may, but are not required to, state their position and file a memorandum no later than January 18, 2018.

## IV.    CONCLUSION

The Court DEFERS ruling on Defendant's Motion to Seal (ECF No. 26) until January 18, 2018.

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2018