UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KAYLA MARIE COLE and<br>TERESA L. GORDON,<br><br>      Plaintiffs,<br><br>      v.<br><br>STATE OF MAINE, OFFICE OF<br>INFORMATION TECHNOLOGY,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:17-cv-00071-JAW |

**ORDER ON MOTION TO SEAL**

After raising issues of the right of public access to judicial records and receiving the further responses of the parties, the Court accedes to the State of Maine, Office of Information Technology's (OIT) suggestion that filed documents should reference a former employee of OIT by "male employee," rather than by name or initials.

**I. BACKGROUND**

On February 23, 2017, Kayla Marie Cole and Teresa L. Gordon filed suit in this Court against the State of Maine Office of Information Technology (OIT), alleging that the OIT, their former employer, violated the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq,* (Title VII), the Maine Human Rights Act, 5 M.R.S. §§ 4551 *et seq.* (MHRA), and the Maine Whistleblowers' Protection Act, 26 M.R.S. §§ 831, *et seq.* (WPA). *Compl.* (ECF No. 1). On May 19, 2017, OIT answered the Complaint, denying its essential allegations and raising certain affirmative defenses. *Answer to Compl.* (ECF No. 5). On August 11, 2017, OIT filed an amended answer. *Am. Answer to Compl.* (ECF No. 11). On September 13, 2017, OIT filed a motion for court approval

of a confidentiality agreement, and on the same day, the Court granted the motion. *Consent Mot. for Confidentiality Order* (ECF No. 12); *Consent Confidentiality Order* (ECF No. 13).

On October 13, 2017, OIT filed a notice of intent to file a motion for summary judgment. *Def.'s Notice of Intent to Move for Summ. J.* (ECF No. 15). The Court held a Local Rule 56(h) conference on November 8, 2017. *Min. Entry* (ECF No. 19). On December 15, 2017, OIT moved for an order placing portions of the deposition of James Smith under seal. *Def.'s Mot. to Seal* (ECF No. 22). On December 17, 2017, the Magistrate Judge granted the motion to seal. *Order Granting Mot. to Seal* (ECF No. 25).

On December 21, 2017, OIT moved to seal portions of its motion for summary judgment on the ground that the redacted portions of its filings "contain personnel information about a third party to this matter." *Def.'s Mot. to Seal* (ECF No. 26) (*Def.'s Mot.*). OIT states that the "redacted information is not contained in or related to a 'final written decision,' and therefore, is not public information." *Id.* at 2. OIT filed public versions of the documents. *Id.*; (ECF Nos. 27-28).

Viewing OIT's motion to seal as implicating the right of public access to judicial records, on January 3, 2018, the Court issued an order on OIT's motion to seal. *Order on Mot. to Seal* (ECF No. 29). The Court deferred ruling on OIT's motion to seal and required OIT to respond to its concerns by January 18, 2018 and allowed the Plaintiffs, if they chose, to file a memorandum setting forth their position. *Id.* at 9. On January 18, 2018, the Plaintiffs filed their position, arguing that the motion to

2

seal should be denied. *Pls.' Mem. Regarding Order on Mot. to Seal* (ECF No. 30). Also on January 18, 2018, OIT filed its position, reiterating its view that the personnel information concerning a male employee must be sealed under Maine law, 5 M.R.S. § 7070. *Def.'s Mem. of Law in Support of its Mot. to Seal* (ECF No. 32). However, following the Court's suggestion in its January 3, 2018 Order, OIT suggested that in the filed documents, the subject employee should be referred to as "male employee." *Id.* at 5.

## II. DISCUSSION

Despite OIT's memorandum, the Court remains concerned about OIT's position that information regarding a former state employee must remain sealed under 5 M.R.S. § 7070. OIT is defending this case, in part, by challenging the Plaintiffs to identify "any male employee of OIT who engaged in the same conduct for which Plaintiffs were investigated and disciplined who was treated more favorably." *Def.'s Mot. for Summ. J.* at 7 (ECF No. 26). Then OIT claims the identity of a potential comparable male employee must be sealed from the public. At its extreme, OIT questions whether the Plaintiffs can name a similarly-situated male employee who was treated more favorably, and then OIT forbids the Plaintiffs from publicly revealing his name. Nevertheless, it is not necessary to publicly identify the male employee in order to rule on the dispositive motion because the actual name of the male employee would not appear to be essential to resolve the legal issues presented by the motion.

3

At the same time, if this case goes to public trial, the Court will look to the parties, particularly OIT, to explain how the Court should balance the right to a public trial against the privacy rights of the former state employee, especially since OIT has made its treatment of this particular male employee a central part of its defense to these claims. For the time being, the Court accedes to OIT's suggestion that it grant OIT's motion in part and allow OIT to substitute "male employee" for the employee's initials in order to comply with OIT's reading of 5 M.R.S. § 7070. The Court will revisit this issue if the claims persist beyond summary judgment stage.

## III. CONCLUSION

The Court GRANTS in part and DENIES in part State of Maine, Office of Information Technology's Motion to Seal (ECF No. 26). The Court GRANTS the motion insofar as the Office of Information Technology is to substitute "male employee" for the person's actual name or his initials in all its Court filings. The Court DENIES the motion insofar as it requests that the Court seal its motion for summary judgment, statement of undisputed material facts, and declaration of James Smith. Instead of redaction, the Office of Information Technology shall substitute "male employee" for all references to the male employee's initials or his actual name in the publicly-filed documents. This Order shall apply with equal force to Plaintiffs' references to the male employee in their filings.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2018